## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| **CYNTHIA RUTHRAUFF,** | ) | |
| individually and on behalf of all others | ) | |
| similarly situated, | ) | |
| | ) | |
| **Plaintiff,** | ) | CIVIL ACTION NO. |
| | ) | 1:18-CV-00704 |
| v. | ) | |
| | ) | |
| **LUMINESS DIRECT, LLC**, a Texas | ) | |
| limited liability company, | ) | |
| | ) | |
| **Defendant.** | ) | |

### DEFENDANT LUMINESS DIRECT, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT

COMES NOW, Defendant Luminess Direct, LLC ("Defendant"), and, having been served on March 6, 2018, pursuant to Fed. R. Civ. Pro. 12(b)(1) (and, alternatively, 12(b) (3) and (6)), hereby timely moves this Court to dismiss Plaintiff Cynthia Ruthrauff's ("Plaintiff") Complaint. The claims at issue in Plaintiff's Complaint are governed by an unambiguous arbitration clause contained in the terms and conditions of Plaintiff's purchase of goods from Defendant. As such, the Court lacks jurisdiction to adjudicate this matter as the proper forum for resolution of Plaintiff's claims is through arbitration, and Plaintiff cannot state a claim for relief that this Court can adjudicate.

## Factual Background

On or about August 10, 2016, Plaintiff called Defendant. *Mehta Declaration*, ¶ 3. That call was the result of Plaintiff seeing a television infomercial advertising Defendant's products. *Mehta Dec.*, ¶ 3. The infomercial advised that Terms and Conditions would apply to the special television offer and directed viewers and would be purchasers to the public webpage, www.LuminessAir.com, which contained the Terms and Conditions of Purchase. *Mehta Dec.*, ¶ 3.

During that call, Plaintiff purchased a number of beauty products. *Mehta Dec.*, Ex. A. Plaintiff also consented to receiving text messages from Defendant. *Mehta Dec.*, ¶ 4. Defendant has an electronic recording of that call. *Mehta Dec.*, ¶ 4.

When Defendant shipped Plaintiff the products she had purchased, Defendant enclosed a Packing List. *Mehta Dec.*, ¶ 5 and Ex. A. The Packing List referred Plaintiff to www.LuminessAir.com for the full terms and conditions of the purchase. *Mehta Dec.*, ¶ 5. These terms and conditions were posted on Defendant's webpage at the time and provide, in part, the following:

> **Account Terms of Use and Conditions of Purchase**
> **…**
>
> **THIS    AGREEMENT    INCLUDES    A    MANDATORY ARBITRATION CLAUSE, WHICH MEANS THAT YOU AGREE**

**TO SUBMIT ANY CLAIM TO BINDING INDIVIDUAL ARBITRATION RATHER THAN PROCEEDING IN COURT. IF YOU WANT TO OPT-OUT OF THIS MANDATORY ARBTIRATION AGREEMENT SEE BELOW DESCRIBES THE PROCEDURES YOU MUST FOLLOW TO DO SO. THE ARBITRATION AGREEMENT ALSO INCLUDES A CLASS ACTION WAIVER, WHICH MEANS THAT YOU AGREE TO PROCEED WITH ANY CLAIM INDIVIDUALLY AND NOT AS PART OF A CLASS ACTION**
**…**

**MANDATORY ARBITRATION CLAUSE**
All actions, disputes, claims and controversies of any type or nature whatsoever, whether arising before or after the date of this Agreement, and whether directly or indirectly relating to: (a) this Agreement and/or amendments and addenda hereto, or the breach, invalidity or termination hereof; (b) any previous or subsequent agreement between the parties; and/or (c) any other relationship, transaction or dealing between the parties (collectively the "Disputes"), will be subject to and resolved by binding arbitration pursuant to the Rules of AAA. Luminess Air will pay all fees for Arbitration cost unless deemed frivolous or brought for an improper purpose by AAA. The AAA Rules are available online at adr.org. You agree that by entering into this agreement, you and Luminess Direct are each waiving the right to a trial by jury or to participate in a class action. Any award or order rendered by the arbitrator may be confirmed as a judgment or order in any state of federal court of competent jurisdiction within the federal judicial district which includes the residence of the party against whom such award or order was entered.

YOU HAVE THE RIGHT TO OPT-OUT OF THE ARBITRATION PROVISION WITHIN 30 DAYS FROM THE DATE OF PURCHASE, USE, OR ATTEMPTED USE OF A LUMINESS DIRECT PRODUCT (WHICHEVER COMES FIRST) BY WRITING TO LUMINESS DIRECT, LLC, 12802 CAPRICORN ST., STAFFORD, TEXAS 77477; ATTN; GENERAL COUNSEL. FOR YOUR OPT-OUT TO BE EFFECTIVE, YOU MUST SUBMIT A SIGNED WRITTEN NOTICE IDENTIFYING ANY LUMINESS DIRECT PRODUCT YOU

PURCHASED, USED OR ATTEMPTED TO USE WITHIN THE 30 DAYS AND THE DATE YOU FIRST PURCHASED, USED OR ATTEMPTED TO USE OF LUMINESS DIRECT PRODUCTS. UNTIMELY OPT-OUTS WILL NOT BE VALID AND YOU MUST THEN PURSUE YOUR CLAIM THROUGH ARBITRATION PURSUANT TO THESE TERMS.

*Mehta Dec.*, ¶¶ 5, 10, and Exhibit B. Defendant retains records if customers opt out of the Mandatory Arbitration Clause agreement. Defendant has no records that Plaintiff opted out of the Mandatory Arbitration Agreement. *Mehta Dec.*, ¶ 11.

In the months following Plaintiff's initial purchase, she initiated a number of other calls to Defendant. *Mehta Dec.*, ¶ 7. In calling these numbers, Plaintiff received a recorded message that directed her and other consumers to the Terms and Conditions contained on Defendant's webpage. *Mehta Dec.*, ¶ 7. In addition, on or about October 10, 2016, Defendant shipped additional product to Plaintiff with another Packing List, which also referenced the Terms and Conditions on Defendant's webpage. *Mehta Dec.*, ¶ 8. In November, at Plaintiff's request, Defendant canceled her Continuity charges for a Club Subscription, pursuant to the Terms and Conditions on the webpage. *Mehta Dec.*, ¶ 9.

## <u>Argument and Citation to Authority</u>

As an initial matter, Federal circuits are split on the proper procedural mechanism for a motion to dismiss based upon an arbitration clause.[1] The Eleventh Circuit has not addressed this issue.[2] Georgia district courts, however, regularly grant motions to dismiss under 12(b)(1) for lack of subject matter jurisdiction when the Court finds there is an enforceable arbitration clause.[3] *Muthuri v. NCR*

---

[1] *See Noble Drilling Services, Inc. v. Certex USA, Inc.*, 620 F.3d 469, 472 (5th Cir. 2010) ("Our court has not previously definitively decided whether Rule 12(b)(1) or Rule 12(b)(3) is the proper rule for motions to dismiss based upon an arbitration or forum-selection clause."); *City of Benkelman, Nebraska v. Baseline Engineering Corp.*, 867 F.3d 875, 881 (8th Cir. 2017) (holding arbitration clauses are "properly analyzed under either Rule 12(b)(6) or Rule 56"); *Faulkenberg v. CB Tax Franchise Systems, LP*, 637 F.3d 801, 807 (7th Cir. 2011) ("[A] motion to dismiss based on a contractual arbitration clause is appropriately conceptualized as an objection to venue, and hence properly raised under Rule 12(b)(3)."); *Knight v. Idea Buyer, LLC*, CAN 17-3539, 2018 WL 580653 *1 (6th Cir. Jan. 29, 2018) ("A motion to dismiss pursuant to an arbitration agreement should therefore be construed as a Rule 12(b)(6) motion even if it is mislabeled as a Rule 12(b)(1) motion.").

[2] The Eleventh Circuit has stated in dicta that arbitration clauses are a kind of specialized forum-selection clause. *Bahamas Sales Assoc., LLC v. Byers*, 701 F.3d 1335 fn 7 (11th Cir. 2012). The Eleventh Circuit has also affirmed the granting of a motion to dismiss based upon an arbitration clause that did not reference any procedural rule at all. *Caley v. Gulfstream Aerospace Corp.*, 333 F.Supp.2d 1367 (N.D.Ga. 2004). Georgia district courts have compelled claims to arbitration under Fed. R. Civ. Pro 12(b)(6) in addition to those dismissed under Rule 12(b)(1). *Int'l Fidelity Ins. Co. v. BMC Contractors, Inc.*, CAN 5:06-CV-186(CAR), 2007 WL 128813 (M.D.Ga. January 12, 2007).

[3] Though dismissal under Fed. R. Civ. Pro. 12(b)(1) appears to be the proper method in this Circuit, Defendant alternatively moves for dismissal under Fed. R. Civ. Pro 12(b)(3) and (6).

*Corporation*, CAN 1:17-CV-3700-TCB-JSA, 2017 WL 8218943 fn 2 (N.D.Ga. November 3, 2017) ("A motion to compel arbitration is treated as a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).") (magistrate's recommendation adopted by *Muthuri v. NCR Corporation*, CAN 1:17-CV-3700-TCB-JSA, 2017 WL 8218944 (N.D.Ga. November 27, 2017)); *Fleenor v. Legal Helpers Debt Resolution, LLC*, CAN: 4:12-CV-338(CDL), 2013 WL 5538743 *1 (M.D.Ga. October 7, 2014); *McDaniel v. Lightyear Network Solutions, LLC*, CAN 1:09-CV-1162-BBM, 2009 WL 10668973 (N.D.Ga. October 21, 2009).

A challenge to subject matter jurisdiction can be either facial or factual. *Fleenor v. Legal Helpers Debt Resolution, LLC*, CAN: 4:12-CV-338(CDL), 2013 WL 5538743 *1 (M.D.Ga. October 7, 2014). When a party raises a factual attack on subject matter jurisdiction, as here, federal courts consider matters outside the Complaint.[4] *Id*.; *see also Odyssey Marine Exploration, Inc. v. Unidentified Shipwrecked Vessel*, 657 F.3d 1159, 1169-70 (11th Cir. 2011). The Court must independently weigh the facts, and no presumption of truthfulness attaches to Plaintiff's allegations. *Odyssey Marine Exploration, Inc. v. Unidentified*

---

[4] The Eleventh Circuit also looks to evidence outside the pleadings when jurisdiction is challenged under Fed. R. Civ. Pro 12(b)(3). *Bailey v. ERG Enterprises, LP*, 705 F.3d 1311 fn 1 (11th Cir. 2013).

*Shipwrecked Vessel*, 657 F.3d at 1169; *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). In evaluating a factual attack on subject matter jurisdiction, the Court reviews the Complaint, any undisputed facts, and any disputed facts that the Court has resolved. *Lawrence v. Dunbar*, 919 F.2d at 1529 (11th Cir. 1990).

The validity of an arbitration agreement is generally governed by the Federal Arbitration Act ("FAA"). *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1367 (11th Cir. 2005). The FAA "embodies a liberal policy favoring arbitration agreements," and requires the rigorous enforcement of such agreements. *Id*. *See also Mitsubishi Motor Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 625-26 (1985). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Muthuri v. NCR Corporation*, CAN 1:17-CV-3700-TCB-JSA, 2017 WL 8218943 *2 (N.D.Ga. November 3, 2017); *McDaniel v. Lightyear Network Solutions, LLC*, CAN 1:09-CV-1162-BBM, 2009 WL 10668973 (N.D.Ga. October 21, 2009) (writing "federal courts must refer to arbitration any controversy covered by the provisions of an arbitration clause").

When addressing the applicability of arbitration agreements, Courts must determine whether: "(1) the parties have a valid written[5] arbitration agreement; (2)

---

[5] An arbitration agreement need not be signed or integrated to be valid and enforceable under the FAA – it merely needs to be in writing. *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1369 (11th Cir. 2005).

the agreement applies to the relevant claims; and (3) the non-moving party has refused to arbitrate the claims." *Muthuri v. NCR Corporation*, CAN 1:17-CV-3700-TCB-JSA, 2017 WL 8218943 *2 (N.D.Ga. November 3, 2017). In determining enforceability, courts apply ordinary state law principles concerning contract formation. *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d at 1368. In Georgia, a contract for the sale of goods may be made in any manner sufficient to show agreement, including by conduct. O.C.G.A. § 11-2-204.

By purchasing, accepting, and using products from Defendant, Plaintiff entered into a contract with Defendant. By purchasing, accepting, and using Defendant's products, Plaintiff agreed to the terms and conditions of the purchase. Part of the terms and conditions was an unambiguous arbitration provision.

The written arbitration provision covers any and all claims Plaintiff has against Defendant, which includes the claims described in her Complaint. By filing suit, Plaintiff ignored the terms and conditions, and refused to arbitrate. Based upon the unambiguous arbitration provision and Federal law's strong policy favoring arbitration, this Court should dismiss Plaintiff's Complaint and compel this matter to arbitration.

WHEREFORE, based upon the foregoing legal and factual authority, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint, compel this matter to arbitration, and for all other relief this Court deems proper.

Respectfully submitted this 27th day of March, 2018.

> /s/ James E. Singer
> James E. Singer
> Georgia Bar No. 649028
> Eric Connelly
> Georgia Bar No. 925182
> *Attorneys for Defendant*

BOVIS, KYLE, BURCH & MEDLIN, LLC
200 Ashford Center North, Suite 500
Atlanta, Georgia 30338
Telephone:  (770) 391-9100
Facsimile:  (770) 668-0878
jes@boviskyle.com
econnelly@boviskyle.com

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned attorney hereby certifies, pursuant to L.R. 7.1, N.D. Ga., that the foregoing ***Defendant Luminess Direct, LLC's Motion to Dismiss Plaintiff's Complaint and Memorandum of Law in Support*** was prepared in accordance with L.R. 5.1, N.D. Ga. using Times New Roman font 14.

*/s/ James E. Singer*
James E. Singer
Georgia Bar No. 649028

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing *Defendant Luminess Direct, LLC's Motion to Dismiss Plaintiff's Complaint and Memorandum of Law in Support* on counsel of all parties through the CM/ECF system, which will send electronic notification of such filing to the following counsel of record:

Jennifer Auer Jordan, Esq.
Shamp Speed Jordan Woodward LLC
1718 Peachtree Street, NW, Suite 660
Atlanta, Georgia 30309

Steven L. Woodrow, Esq.
Patrick H. Peluso, Esq.
Taylor T. Smith, Esq.
Woodrow & Peluso, LLC
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210

Submitted this 27th day of March, 2018.

/s/ James E. Singer
James E. Singer
Georgia Bar No. 649028
Eric Connelly
Georgia Bar No. 925182
*Attorneys for Defendant*

BOVIS, KYLE, BURCH & MEDLIN, LLC
200 Ashford Center North, Suite 500
Atlanta, Georgia 30338
Telephone:  (770) 391-9100
Facsimile:  (770) 668-0878
jes@boviskyle.com
econnelly@boviskyle.com

- 11 -