# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| **CYNTHIA RUTHRAUFF,** individually and on behalf of all others similarly situated, | ) ) ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) **CASE NO. 1:18-cv-00704-AT** |
| **LUMINESS DIRECT, LLC**, a Texas limited liability company, | ) ) |
| | ) |
| **Defendant and Third-Party Plaintiff,** | ) ) |
| | ) |
| **v.** | ) |
| | ) |
| **CRM Text Solutions, Inc.**, a California corporation, | ) ) |
| | ) |
| **Third-Party Defendant.** | ) |

## DEFENDANT LUMINESS DIRECT, LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO RECONSIDER ORDER DENYING MOTION TO DISMISS

**I. There was a clear error of both law and fact when the Court improperly weighed the evidence submitted by Luminess and ignored undisputed evidence.**

Defendant does not dispute that the Court properly applied a summary judgment-like standard in evaluating whether there was a contract between

Plaintiff and Defendant, and whether that contract contained Terms and Conditions. However, affidavit testimony based upon personal knowledge must be taken as true.[1] The Court may not weigh the testimony or find facts which are not disputed in the context of a summary judgment analysis.[2] "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, and not those of the judge" in ruling on summary judgment.[3]

**A.     There was a clear error of law in weighing and dismissing undisputed evidence in the record.**

Based upon the Mehta Declaration, which legally must be taken as true, and Plaintiff's own affidavit, as well as her failure to contradict much of the evidence in the Mehta Declaration, the following facts have been established and are wholly undisputed for the purposes of this motion:

- Plaintiff called Luminess for the purpose of purchasing beauty products.[4]

- The call was the result of Plaintiff viewing a television infomercial.[5]

---

[1] *Glock v. Glock*, 150 F.Supp.3d 1297, 1301 (N.D.Ga. 2014).
[2] *Morrison v. Amway Corp.*, 323 F.3d 920, 924 (11th Cir. 2003).
[3] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).
[4] Docket No. 10-1, *Mehta Dec.*, ¶ 3; Docket No. 18-1, *Ruthrauff Dec.*, ¶ 2.
[5] Docket No. 10-1, *Mehta Dec.*, ¶ 3.

- That television infomercial advised that Terms and Conditions applied to the offer and directed purchasers to the webpage of Luminess for those Terms and Conditions.[6]

- Plaintiff ordered products from Luminess during that call.[7]

- Over a period of months, additional orders of Luminess product were shipped to and received by Plaintiff, and were accompanied by packing lists.[8]

- The packing lists contained language referring the purchaser to the webpage for the full Terms and Conditions.[9]

- Plaintiff's credit card was charged for the purchases pursuant to the Terms and Conditions.[10]

- Plaintiff used product shipped to her pursuant to her orders.[11]

- In November 2016, at Plaintiff's request, Luminess cancelled Plaintiff's subscription pursuant to the Terms and Conditions.[12]

---

[6] *Id.*
[7] *Id.*
[8] *Id.* at ¶ 5.
[9] *Id.* at ¶ 5, Ex. A to *Mehta Dec*.
[10] *Id.* at ¶ 6.
[11] *Id.* at ¶ 11.
[12] *Id.* at ¶ 9.

- The Terms and Conditions contain a return policy and 30-day money back guarantee.[13]

- The Terms and Conditions contain provisions regarding payment and shipping.[14]

- The Terms and Conditions prominently and conspicuously in bold and all-caps, provide notice that there is an arbitration provision.[15]

- Included in the Terms and Conditions is an Arbitration Agreement with an option to opt-out of arbitration within 30 days of first use of the Luminess product.[16]

- <u>At the time of Plaintiff's purchase</u>, the Terms and Conditions on Luminess' website were the same as that in 2018, and contained the arbitration provision in the record and proven to the Court.[17]

- A true and correct copy of the Terms and Conditions in effect at the time of Plaintiff's purchase with the specific terms of the arbitration provision and the opt-out procedure, was properly authenticated and undisputed.[18]

---

[13] *Id*. at ¶ 10 and Ex. B to *Mehta Dec*.
[14] *Id*. at Ex. B.
[15] *Id*.
[16] *Id*.
[17] *Id*. at ¶¶ 10, 13, Ex. B to *Mehta Dec*.
[18] *Id*.

Notwithstanding the above undisputed facts, on page 15 of the Order, the Court described the only evidence in the record as, "… a self-serving declaration from Luminess' President and CEO, a packing list and the full Terms and Conditions that were in force as of March 20, 2018, (almost two years after Plaintiff's initial purchase.)"[19] The Court summarized Defendant's evidence in support of its motion as only, "(1) Notice of the Terms and Conditions provided in the infomercial allegedly viewed by Plaintiff; (2) Notice of the Terms and Conditions in subsequent telephone conversations that Plaintiff engaged in with Luminess; (3) The Notice, contained in the summary of the Terms and Conditions (sent with the packing slip) notifying purchasers that they could refer to the Luminess' website for 'the full terms and conditions."[20] The Court held that, "… such evidence (or lack thereof) simply fails to carry Defendant's burden since it does not establish, by the preponderance of the evidence, that an enforceable contract existed."[21] After discussing that very limited evidence, to the exclusion of substantial additional undisputed evidence noted above, on page 19, the Court again held that "[n]either the quality nor the quantum of evidence, as presented by Defendant on this record, is sufficient to establish, by a preponderance of the

---

[19] Docket No. 21, *Order*, p. 15.
[20] Docket No. 21, *Order*, p. 15-16 (emphasis not in original).
[21] Docket No. 21, *Order*, p. 16.

evidence, that Plaintiff and Defendant formed a binding and enforceable contract."[22] Respectfully, in the face of the undisputed facts, there was clear error of both fact and law in the Court's weighing of evidence to reach the ruling as set forth in the Order.

For example, it is undisputed Plaintiff called Luminess to order make-up because she viewed Luminess' television infomercial.[23] It is undisputed that the television infomercial advised that Terms and Conditions applied and directed purchasers to the webpage of Luminess for those Terms and Conditions.[24] Plaintiff did not dispute seeing Luminess' infomercial. She did not dispute that the infomercial advised that the Terms and Conditions applied and directed her to Luminess' webpage to view same. Yet, the Court dismissed the undisputed evidence regarding the infomercial because a copy of the infomercial was not in evidence. The Court found that it could not "independently evaluate" the infomercial without viewing it and therefore disregarded that undisputed evidence.[25]

Similarly, the Court determined, with reference to a single packing slip (addressed *supra*), that the reference on the packing slip to the full Terms and

---

[22] Docket No. 21, *Order*, p. 19.
[23] Docket No. 10-1, *Mehta Dec.*, ¶ 3; Docket No. 18-1, *Ruthrauff Dec.*, ¶ 2.
[24] Docket No. 10-1, *Mehta Dec.*, ¶ 3.
[25] Docket No. 21, *Order*, p. 16.

Conditions on the webpage did not constitute "reasonable notice" in light of the size and location.[26] And, despite direct testimony that the Plaintiff received recorded messages referring her to the Terms and Conditions when she called Defendant's number, which is undisputed happened on numerous occasions, the Court refused to consider that evidence entirely.[27] There was thus a clear error of fact in disregarding the uncontradicted testimony, in substituting the Court's own judgment, and in making a credibility determination as to the quality of the evidence.

**II. There was clear error of law and fact in holding that the packing slip received by Plaintiff with her first shipment of product, and the second packing slip received by Plaintiff with additional product (not relied upon by the Court) did not constitute any evidence of an enforceable contract.**

As the Court noted, a contract for the sale of goods, as here, may be made in any manner sufficient to show agreement, including by conduct.[28] Under Georgia law, assent can be evidenced by the acceptance of benefits under a contract or the performance by the other party to the contract.[29] And, as the Court pointed out, in

---

[26] Docket No. 21, *Order*, p. 18.
[27] Docket No. 21, *Order*, p. 17-18.
[28] Docket No. 21, *Order*, p. 14 (citing O.C.G.A. § 11-2-204(1)).
[29] Docket No. 21, *Order*, p. 14-15 (citing *Frickey v. Jones*, 280 Ga. App. 573, 575, 630 S.E.2d 374, 376 (2006)).

determining whether there was a meeting of the minds, the Court should consider extrinsic evidence, such as correspondence and discussions like these packing slips.[30]

In its motion, Luminess cited persuasive authority from other Federal courts that enforced arbitration provisions in the context of telephone purchases of goods where customers only received a copy of the terms and conditions, including an arbitration provision, after purchase.[31] The Order does not cite or address those cases.

In addition to the legal authority cited to the Court that these packing slips received after a phone purchase do constitute evidence of a contract, subsequent to Luminess filing its briefs, the 11th Circuit approved *Hill v. Gateway 2000, Inc.*, one of the District Court cases Luminess cited, and the legal reasoning of that decision. The 11th Circuit wrote:

> [T]hat big-box items[32] come with purchase terms and conditions should hardly come as a surprise to modern consumers. Post-purchase, acceptance-by-retention warranties are ubiquitous today— think furniture, home appliances, sporting goods, etc. It's not only

---

[30] Docket No. 21, *Order*, p. 14 (citing *Comvest, L.L.C. v. Corporate Securities Group, Inc.*, 234 Ga. App. 277, 280, 507 S.E.2d 21 (1998).

[31] *Hill v. Gateway 2000, Inc.*, 105 F.3d 1147 (7th Cir. 1997); *Sherr v. Dell, Inc.*, CAN: 05-CV-10097 (GBD), 2006 WL 2109436 (S.D.N.Y. July 27, 2006) (finding "it is not practical to expect salespeople to read legal documents to customers before ringing up sales").

[32] The 11th Circuit noted that the analysis was no different for small-box items.

> objectively reasonable to assume that such items come with terms
> and conditions, it's also eminently reasonable to assume that by
> opening and retaining those items a consumer necessarily accepts the
> accompanying terms and conditions.
> …
> At the end of the day, the point is simply this: modern consumers are
> on notice that products come with warranties and other terms and
> conditions of purchase. And they are free to research (or not), request
> (or not), and read (or not) those terms before unwrapping their
> purchases.[33]

Here, it is undisputed that each time Plaintiff received Luminess' product, it came
with a packing slip that referred Plaintiff to the Terms and Conditions on the
website.[34] Though not discussed in the Order, it is absolutely undisputed that
during the course of several months, Plaintiff received, kept and used more than
one shipment of Luminess' product, each of which came with a packing slip
referring her to the Terms and Conditions.[35] Luminess acknowledges that the Court
found the packing slips notice of the Terms and Conditions was too small, but,
given the 11th Circuit's recent holding, as well as persuasive cases from other
jurisdictions and binding authority from Georgia directing a Court should consider
extrinsic evidence, respectfully, it was a clear error of law for the Court to entirely

---

[33] *Dye v. Tamko Building Products, Inc.*, 908 F.3d 675, 682-83 (11th Cir. 2018)
(applying Florida law).
[34] Docket No. 10-1, *Mehta Dec.,* ¶¶ 5, 8.
[35] *Id.* at ¶¶ 5, 8, and 11.

dismiss the packing slips and finding they constituted no evidence of a contract between the parties containing Terms and Conditions.

Moreover, Plaintiff received her initial order, with a packing slip, in August 2016.[36] In October 2016, Plaintiff received a shipment of additional product from Luminess.[37] That shipment also contained a packing slip referring Plaintiff to the Terms and Conditions on Luminess' website.[38] Plaintiff received both packing lists well before she ever received any text message from Luminess that forms the basis of Plaintiff's Complaint.[39] In analyzing whether there was a contract containing the Terms and Conditions, the Court apparently did not consider the additional, subsequent order by Plaintiff. The Court apparently did not consider the additional, subsequent product or packing slip that Plaintiff received. That additional order and packing slip are evidence of two things: 1) that Plaintiff received another written notice that Terms and Conditions applied during the course of her dealings with Luminess and prior to the events giving rise to her claim, and they may be found on the webpage; and 2) a course of conduct and performance between the parties, which is some evidence of both a contract, and that Plaintiff assented to the Terms and Conditions by continuing to order, and keep and use Luminess'

---

[36] *Id*. at ¶ 5.
[37] *Id*. at ¶ 8.
[38] *Id*.
[39] *Complaint*, ¶ 24.

products. Respectfully, the failure of the Court to consider the additional packing slip, and the receipt of additional goods, as at least some evidence of a contract between the parties that included the Terms and Conditions referenced therein, was respectfully a clear error of fact.

**III. Alternatively, there was clear error of both law and fact in the Court holding that Luminess is not entitled to, at minimum, a summary trial as to the terms of its contract with Plaintiff.**

The Order provides that "if the party seeking to enforce an arbitration agreement fails to carry its burden during this 'summary judgment-like' inquiry, it is not afforded a second opportunity to do so."[40] That is not the legal standard required by the 11th Circuit or Federal law on summary judgment. The Court is essentially holding that a moving party who fails to show there is no genuine issue of material fact at summary judgment is no longer entitled to a jury trial. As then-Judge Gorsuch wrote in *Howard v. Ferrellgas Partners, L.P.*, 748 F.3d 975, 978 (10th Cir. 2014), a case the 11th Circuit relied upon in deciding *Bazemore*, denying a trial where there are issues of fact is "like saying someone who fails to win a summary judgment motion must necessarily lose after trial."

---

[40] Docket No. 21, *Order*, p. 10.

On the contrary, where there are unresolved factual questions surrounding an agreement to arbitrate, the FAA requires the parties proceed summarily to trial.[41] It is only in the complete absence of any genuine dispute of material fact that a district court may conclude as a matter of law, by applying a summary judgment-like standard, that the parties did or did not form a contract.[42] And, as this Court even noted, under Georgia law, where there is disputed extrinsic evidence, the question of mutual assent is generally an issue of fact. *Moreno v. Smith*, 299 Ga. 443, 445, 788 S.E.2d 349, 352 (2016).

### A. The record contained, at minimum, evidence sufficient to create an issue of fact requiring a summary trial.

As detailed above, between the affidavits/declarations of the parties and the documentary evidence properly authenticated, the record contained undisputed material facts showing that there was a contract, that the Terms and Conditions

---

[41] 9 U.S.C. § 4; *Magnolia Capital Advisors, Inc. v. Bear Stearns & Co.*, 272 Fed. Appx. 782, 785-86 (11th Cir. 2008) (holding that "[o]nly when there is no genuine issue of fact concerning the formation of the agreement should the court decide as a matter of law that the parties did or did not enter into such an agreement"); *Howard v. Ferrellgas Partners, L.P.*, 748 F.3d 975, 978-79 (10th Cir. 2014); *Nebraska Machinery Co. v. Cargotec Solutions, LLC*, 762 F.3d 737 (8th Cir. 2014).

[42] *Bazemore v. Jefferson Capital Systems, LLC*, 827 F.3d 1325, 1333 (11th Cir. 2016); *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) ("The Federal Rules of Civil Procedure have for almost 50 years authorized motions for summary judgment upon proper showings of the lack of a genuine, triable issue of material fact.").

containing the arbitration provision were a part of that contract, and that both parties performed consistent with those Terms and Conditions. A substantial amount of those facts were not discussed in the Order. The Court's recitation and analysis of some facts also reflect possible confusion on the part of the Court.[43] At minimum, Luminess presented sufficient evidence, including extrinsic evidence, to preclude the entry of what amounts to a summary judgment ruling against Luminess on whether there was a contract, and whether the Terms and Conditions of that contract contained the arbitration provision. For example, it is wholly undisputed that Plaintiff saw Luminess' infomercial, which advised her to view the Terms and Conditions of any purchase on Luminess' website and immediately thereafter, Plaintiff ordered product from Luminess because of that infomercial.

---

[43] It appears from the Order that the Court misunderstood the nature of the recordings referenced in the Mehta Declaration. For the Court's clarification, the recording the Declaration referenced that Luminess had is of Plaintiff expressly consenting to receiving text messages, which is not relevant to any issue raised in the Motion to Dismiss. Separate and distinct from that recorded call, in other calls Plaintiff made to Luminess, she received a message directing her to the website for the Terms and Conditions. The Declaration does not indicate that Luminess, at the time of filing, had a copy of that message. As a matter of context, Plaintiff served this lawsuit on Luminess, a Texas company. Plaintiff did not request Luminess acknowledge service. Accordingly, Luminess had only 21 days from service to evaluate and attempt to research Plaintiff's claims, as well as the Court's jurisdiction, obtain Georgia counsel, determine whether to file a motion to dismiss or answer, and identify evidence from more than a year prior to support the motion, as well as research, prepare and file the motion and brief. Certainly, no evidence in the possession of Luminess' counsel or believed to be in the possession of Luminess, was intentionally withheld from the Court.

This undisputed fact alone should be sufficient to preclude the entry of summary judgment as to whether there was a contract between the parties that contained the Terms and Conditions, whether the Court has viewed the infomercial or not. Respectfully, when the Court indicated that despite the uncontroverted testimony, without seeing the infomercial herself she could not evaluate the reasonableness of notice, that lack of ability, even if proper, demonstrated a fact question for the jury, at minimum.

Independently, Plaintiff's conduct and the parties' performance under the Terms and Conditions at minimum raise an issue of fact as to whether there was a contract, and Plaintiff assented to the Terms and Conditions. As this Court noted, assent must be analyzed using an objective standard that "a reasonable person in the position of the other contracting party would ascribe to the first party's manifestation of assent."[44] Viewing Plaintiff's conduct objectively from Luminess' perspective, as required by Georgia law, there is a genuine dispute of fact, at minimum, as to whether the parties' performance pursuant to the Terms and Conditions in a number of different respects constitutes Plaintiff's acceptance of the Terms and Conditions. It is undisputed that Plaintiff received, kept, and used Luminess' products during the course of several months. It is undisputed that

---

[44] Docket No. 21, *Order*, p. 13 (citing *Legg v. Stovall Tier & Marine, Inc.*, 538 S.E.2d 489, 491 (Ga. Ct. App. 2000)).

Luminess charged Plaintiff's credit card pursuant to the Terms and Conditions. It is undisputed that after several months, at Plaintiff's request, Luminess cancelled Plaintiff's subscription pursuant to the Terms and Conditions.[45] By keeping and using Luminess' products, and by requesting Luminess cancel her subscription pursuant to the Terms and Conditions, which Luminess did, Plaintiff's conduct and acceptance of the benefits of the Terms and Conditions creates, at the very least, an issue of fact as to whether there is a contract between the parties containing the Terms and Conditions.

Further, it is undisputed that subsequent to ordering, receiving, and using Luminess' initial product shipment, Plaintiff made several other calls to Luminess.[46]  In calling those numbers, the Plaintiff received a recorded message which, the undisputed testimony proves, directed her to the Terms and Conditions of purchase on the webpage.[47]  Where Plaintiff does testify that she was not specifically told in the initial call about the Terms and Conditions, the fact that the recordings directed her to the Terms and Conditions is not a conclusion, but a fact.[48] Regardless of whether the Court had a recording of the message to review, whether that message directed Plaintiff to the Terms and Conditions on the website

---

[45] Docket No. 10-1, *Mehta Dec.*, ¶ 9.

[46] *Id.* at ¶¶ 7, 11.

[47] *Id.* at ¶ 7.

[48] Docket No. 18-1, *Ruthrauff Dec.*, ¶¶ 2-4.

is at minimum a dispute of fact that the Court cannot wholesale ignore just because the Court does not have those audio recordings, and rule as a matter of law that the uncontroverted testimony is not evidence.

**B. Applying the result in *Bazemore* based on the record there to Luminess and the facts here constitutes a clear error of fact and law because Luminess presented substantial competent evidence of not only a contract, but also the applicable Terms and Conditions.**

In denying Luminess' motion, this Court extensively relied on, cited, and quoted from *Bazemore v. Jefferson Capital Systems, LLC*, 827 F.3d 1325 (11th Cir. 2016). Luminess does not dispute that *Bazemore* is the law in the 11th Circuit. However, *Bazemore* is applicable only in limited factual scenarios, and the current case is not one of those. Respectfully, there was then clear error of both fact and law in the Corut's reliance upon *Bazemore*, in the facts of the current case, to hold that the Defendant is not, at minimum, entitled to a summary jury trial.

In *Bazemore*, the 11th Circuit found the defendant had not submitted competent evidence of the terms and conditions containing an arbitration provision. There, plaintiff *Bazemore* applied for and received a credit card and was unable to pay off the debt she accrued. Jefferson Capital purchased that debt, and attempted to collect through the plaintiff's bankruptcy proceeding. When plaintiff

filed a class action lawsuit alleging a violation of the Fair Debt Collection Practices Act, Jefferson Capital moved to compel the suit to arbitration. In support of that motion, Jefferson Capital submitted an affidavit. The 11th Circuit found the affidavit deficient in a number of respects. Critically, there, neither the defendant nor the affiant was party to the contract they were attempting to enforce. Rather, they were subsequent purchasers of the plaintiff's debt, and had to rely on the records they received with the purchase of that debt. As such, the affiant stated:

- that a Welcome Kit that included the credit card agreement **"would have been sent"** to the plaintiff; and

- that the plaintiff **would have received a "form"** of the cardholder agreement.

- the affiant did not and could not state that the plaintiff **was sent** or that **she received** the credit card agreement.

- the affidavit **did not contain or attach the actual agreement with the arbitration clause** that Jefferson Capital sought to enforce.

- importantly, **Jefferson Capital admitted that it did not have a copy of the agreement, and could not obtain a copy.** Accordingly, based largely upon the defendant's admissions that it could never obtain the necessary evidence to establish a contract containing an arbitration provision, the 11th Circuit

found there was no competent evidence and under a summary judgment standard, ruled against the defendant. (Emphasis added.)

Conversely, the facts and evidence in this case are drastically different than *Bazemore*. Here, in addition to the facts discussed in detail above, the undisputed facts and documents include proof:

- that Exhibit B attached to Mr. Mehta's affidavit was a true and correct copy of Luminess' Terms and Conditions that were in force <u>at the time of Plaintiff's order</u>, and which contained the arbitration provision at issue;[49]

- that the language quoted in the Mehta Declaration was the arbitration provision portion of the Terms and Conditions, as well as the portion providing the procedure to opt out of arbitration;[50]

- that Plaintiff viewed an infomercial referring customers to Luminess' website for the Terms and Conditions before she ordered;[51]

- that Plaintiff received multiple packing slips with the product she ordered referring her to Luminess' website for the Terms and Conditions;[52]

---

[49] Docket No. 10-1, *Mehta Dec.*, ¶¶ 10, 13, Ex. B to *Mehta Dec.*
[50] *Id.* at ¶¶ 10-11.
[51] *Id.* at ¶ 3.
[52] *Id.* at ¶¶ 5, 8.

- that, during the course of several months, Plaintiff kept and used multiple shipments of Luminess' product, and the parties performed pursuant to the Terms and Conditions.[53]

At least five different federal cases, all of which are much closer to the facts of this case, have distinguished *Bazemore* and even found arbitration agreements enforceable.[54]   In in *Mason v. Midland Funding, LLC*, CAN: 1:16-CV-02867-LMM-RGV, 2018 WL 3702462 (N.D.Ga. May 25, 2018),when the defendant submitted an affidavit stating that the plaintiff received the cardholder agreement and attached a true and correct copy of that agreement, a court in this district held "Mason's reliance on *Bazemore* is misplaced, and the evidence submitted by

---

[53] *Id*. at ¶¶ 8-9, 11.

[54] *Hays v. Jefferson Capital Systems, LLC*, CAN: 15-14025-GAO, 2017 WL 449590 (D. Mass. Feb. 2, 2017) (holding affidavits evidencing existence of arbitration agreement and evidence that "the plaintiff activated and used his card, manifesting his receipt of the agreement and his assent to its arbitration term" were sufficient to distinguish *Bazemore*); *Lamour v. Uber Technologies, Inc.*, CAN: 1:16-CIV-21449-Martinez/Goodman, 2017 WL 878712 (S.D.Fla. March 1, 2017) (holding *Bazemore* inapplicable where there is evidence of two arbitration agreements because the *Bazemore* decision was based on the defendant presenting no evidence of an arbitration agreement); *GastroCare, PC v. TrxServices, LLC*, C-01286-JHE, 2017 WL 2623768 (N.D.Ala. June 6, 2017) (holding *Bazemore* "insufficiencies" analysis unnecessary and inapplicable); *Hefter v. Charlie, Inc.*, CAN: 2:16-CV-01805-RDP, 2017 WL 4155101 (N.D.Ala. Sept. 9, 2017) (finding *Bazemore* inapplicable because the 11th Circuit based its decision a complete absence of evidence as to the arbitration agreement); *Mason v. Midland Funding, LLC*, CAN: 1:16-CV-02867-LMM-RGV, 2018 WL 3702462 (N.D.Ga. May 25, 2018).

defendants is sufficient to show that Mason entered into a valid agreement to arbitrate." As in *Mason*, Luminess submitted sufficient affidavit testimony showing that Plaintiff purchased Luminess' product because of an infomercial that referred her to the Terms and Conditions, that Plaintiff received the product and the packing slip, as well as other communications referring her to the Terms and Conditions, and Luminess submitted a true and correct copy of the Terms and Conditions, including the arbitration agreement at issue, properly authenticated in the record. Because of the fundamental differences in the evidence presented in *Bazemore* as compared to this case, it was respectfully, therefore, at minimum, a clear error of both law and fact for the Court to apply *Bazemore* to hold that Luminess did not submit <u>any</u> evidence of the formation of a contract which would necessitate at least a summary trial on the application of the arbitration provision.

## CONCLUSION

Luminess respectfully requests this Court reconsider and vacate its Order. Respectfully, there was a clear error of both law and fact by weighing the evidence submitted by Luminess, wholly dismissing undisputed evidence in the context of a summary judgment analysis, and finding undisputed evidence was no evidence at all of a contract containing the Terms and Conditions referenced. Alternatively, the Court erred as a matter of law and fact by finding that Luminess is not entitled to a

summary trial because it had not carried its burden of proving the existence of a contract containing an arbitration provision. On the contrary, the undisputed evidence submitted by Luminess, at minimum, creates an issue of fact for the jury, and the Court should, respectfully, at minimum, order a summary trial.

Respectfully submitted this  3rd day of January, 2019.

/s/ James E. Singer
James E. Singer
Georgia Bar No. 649028
Eric Connelly
Georgia Bar No. 925182
*Attorneys for Defendant*

BOVIS, KYLE, BURCH & MEDLIN, LLC
200 Ashford Center North, Suite 500
Atlanta, Georgia 30338
Telephone:  (770) 391-9100
Facsimile:  (770) 668-0878
jes@boviskyle.com
econnelly@boviskyle.com

## **CERTIFICATE OF COMPLIANCE**

The undersigned attorney hereby certifies, pursuant to L.R. 7.1, N.D. Ga., that the foregoing ***Defendant Luminess Direct, LLC's Memorandum of Law in Support of Motion to Reconsider Order Denying Motion to Dismiss*** was prepared in accordance with L.R. 5.1, N.D. Ga. using Times New Roman font 14.

<u>*/s/ James E. Singer*</u>
James E. Singer
Georgia Bar No. 649028

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served the foregoing **Defendant Luminess Direct, LLC's Memorandum of Law in Support of Motion to Reconsider Order Denying Motion to Dismiss** on all counsel through the CM/ECF system, which will send electronic notification of such filing to the following counsel of record:

Jennifer Auer Jordan, Esq.
Shamp Speed Jordan Woodward LLC
1718 Peachtree Street, NW, Suite 600
Atlanta, Georgia 30309

Steven L. Woodrow, Esq.
Patrick H. Peluso, Esq.
Taylor T. Smith, Esq.
Woodrow & Peluso, LLC
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210

Submitted this 3rd day of January, 2019.

/s/ James E. Singer
James E. Singer
Georgia Bar No. 649028
Eric Connelly
Georgia Bar No. 925182
*Attorneys for Defendant*

BOVIS, KYLE, BURCH & MEDLIN, LLC
200 Ashford Center North, Suite 500
Atlanta, Georgia 30338
Telephone:  (770) 391-9100
Facsimile:  (770) 668-0878
jes@boviskyle.com
econnelly@boviskyle.com