IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CYNTHIA RUTHRAUFF individually and on behalf of all others similarly situated, | : : : : | |
| Plaintiff, | : : | CIVIL ACTION NO. 1:18-CV-704-AT |
| v. | : : : | |
| LUMINESS DIRECT, LLC a Texas Limited Liability Company, | : : | |
| Defendant. | | |

**ORDER**

On December 6, 2018, the Court issued an Order denying Defendant's request to compel arbitration concerning Plaintiff's underlying claims premised upon violations of the Telephone Consumer Protection Act. (Doc. 21). As part of this Order, the Court directed the parties to file their Joint Preliminary Report and Discovery Plan ("JPRDP") not later than January 4, 2019. (*Id.*). On January 4, 2019, the parties filed their JPRDP. (Doc. 27). At this juncture, the Court would normally review the parties' JPRDP and, upon such review, issue a Scheduling Order adopting, either in whole or in part, the parties' JPRDP.

Notwithstanding the Court's usual course of action at this stage of the proceedings, on January 3, 2019—one day prior to the submission of the parties'

jointly submitted JPRDP—Defendant filed a timely motion for reconsideration of the Court's December 6, 2018 Order. (Doc. 26). This motion is not yet fully briefed and hence is not ripe for review. In light of Defendant's reconsideration motion, which is not yet ripe, as well as the fact that Defendant has filed a Third Party Complaint against CRM Text Solutions, Inc., which has yet to file an Answer or otherwise respond to the third-party pleading, and mindful of the significant costs inherent in the discovery process, the Court finds it premature for the parties to forge ahead with discovery given the present procedural landscape. Rather, the more prudent course is for: (1) the Court to issue a ruling on Defendant's reconsideration motion (once the same is fully briefed) and (2) Third Party Defendant CRM Text Solutions to formally appear in this action. Forestalling the discovery process pending the completion of these two events will ensure the conservation of resources, prevent redundant discovery requests from CRM Text Solutions while at the same time allowing the Court to reconsider its earlier ruling.

For these reasons and given the Court's inherent authority to control its docket, which necessarily includes the power to stay proceedings before it, *see Clinton v. Jones*, 520 U.S. 681, 706, 117 S. Ct. 1636, 1650, 137 L. Ed. 2d 945 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); *Dietz v. Bouldin*, 136 S. Ct.

1885, 1892, 195 L. Ed. 2d 161 (2016) (same), the Court finds that a stay of discovery in this case is necessary and appropriate.

Based upon the foregoing analysis, the Court hereby directs that all discovery in this action is hereby **STAYED** until further order of the Court following: (1) Third Party Defendant CRM Text Solutions formal appearance in this action and (2) the Court's issuance of a ruling concerning Defendant's reconsideration motion.

It is so **ORDERED** this 9th day of January, 2019.

_____
AMY TOTENBERG
UNITED STATES DISTRICT JUDGE