IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CYNTHIA RUTHRAUFF, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>LUMINESS DIRECT, LLC,<br><br>*Defendant.* | Civil Action No. 1:18-cv-00704 |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT LUMINESS' MOTION TO RECONSIDER**

Plaintiff Cynthia Ruthrauff ("Ruthrauff") hereby responds to and respectfully asks the Court to deny Defendant Luminess Direct, LLC's ("Defendant" or "Luminess") Motion to Reconsider.

**I.     INTRODUCTION**

By filing a Motion to Reconsider—which Defendant recognizes is a non-routine motion reserved for situations of absolute necessity—Luminess is attempting precisely what the Court forewarned in its Order: a second bite at the apple.

To determine whether a contract was formed that would require Plaintiff to

1

arbitrate her claims, the Court considered the evidence presented by the parties and ultimately determined that Luminess had failed to prove the existence of a contract by a preponderance of the evidence. Now, dissatisfied with the outcome, Defendant asks the Court to review the same evidence and rule the other way.

The Court's Order should stand. The Court did not err in finding that Luminess failed to meet its evidentiary burden. The declaratory evidence Luminess provided was insufficient to prove a contract. Defendant claims that Plaintiff was notified of additional terms and conditions in the infomercial and on a recorded phone message, but Luminess failed to present either to the Court so that it could evaluate the sufficiency of the alleged notice. Instead, Defendant relied on the submission of a packing list, which made only a fine-print reference to other terms, did not contain the arbitration clause, and was sent to Plaintiff *after* the sale was completed. This was not, and to this day is not, enough to demonstrate assent.

Likewise, the Court did not err in relying on *Bazemore* and employing a "summary judgment-like standard" to the determination of whether an agreement to arbitrate existed. The question of contract formation is one for the Court to decide, and on that question the facts were inadequate and undisputed. Because Luminess did not raise a genuine issue of material fact with the evidence presented, the Court's summary denial of the motion to compel arbitration was proper and appropriate.

Accordingly, and as explained below, the Court should deny Defendant's Motion for Reconsideration.

## II. ARGUMENT

### A. The Court Correctly Determined That Luminess Did Not Provide Sufficient Evidence to Establish the Existence of a Contract.

After considering the evidence provided, the Court determined that Luminess failed to prove the existence of a contract by a preponderance of the evidence and thus could not compel Plaintiff to arbitrate her claims. This determination was correct in both substance and form. The Court found that the totality of the evidence before it was insufficient to satisfy Defendant's burden. This finding was well-reasoned, fully explained, and not, as Luminess suggests, an improper credibility judgment. Likewise, because the evidence indicated no genuine dispute of material fact, the Court properly employed a "summary judgment-like" standard as recommended by *Bazemore* to the question of contract formation—a preliminary question generally reserved to the Court.

#### 1. The Court did not dispute or question the credibility of Luminess' declaration—it merely determined that it was insufficient to establish a contract by a preponderance of the evidence.

In its Order denying Defendant's motion to dismiss the Complaint or compel arbitration, the Court examined the sufficiency of evidence presented by Luminess to suggest that Plaintiff entered into a binding and enforceable contract. The Court concluded that Luminess did not meet its burden: "Defendant's evidentiary

3

submissions fail to raise a genuine issue of material fact as to whether a binding contract, of which the arbitration clause was a part, was formed . . ." (Order, p. 20.) This determination was correct in light of the evidence presented, and the Court did not, as Luminess contends, ignore or question the credibility of the evidence. (*See* Mem. of Law in Supp. of Mot. to Recons. [hereafter "Mot. to Recons."], at 2, 6–7.) Put simply, Defendant's evidence may have been credible, but it was not enough to prove the existence of a contract.

Arbitration is a matter of contract; without a contractual agreement to arbitrate, "a court cannot compel the parties to settle their dispute in an arbitral forum." *Klay v. All Defendants*, 389 F.3d 1191, 1200 (11th Cir. 2004). Thus, the first task of a court asked to compel arbitration is to assess contract formation—"to determine whether the parties *agreed* to arbitrate that dispute." *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 626 (1985) (emphasis added); *see also Chastain v. Robinson–Humphrey Co., Inc.,* 957 F.2d 851, 854 (11th Cir. 1992). Only after "the resolution of any formation challenge to the contract containing the arbitration clause" does the Court move to the second step and consider substantive challenges to the contract or the arbitration clause.[1]

---

[1] In her response to Defendant's Motion to Dismiss, Plaintiff also challenged the purported arbitration agreement as procedurally and substantively unconscionable. (*See* Resp. to Mot. to Dismiss, at 15.) However, because Luminess failed to prove the existence of an enforceable agreement, the Court did not reach this challenge.

4

*Solymar Investments, Ltd. v. Banco Santander S.A.*, 672 F.3d 981, 990 (11th Cir. 2012). When deciding whether the parties agreed to arbitration, courts generally should apply state law principles of contract formation. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995); *Bazemore v. Jefferson Capital Sys., LLC*, 827 F.3d 1325, 1329 (11th Cir. 2016).

Under Georgia law, to form a contract "there must be parties able to contract, a consideration moving to the contract, the assent of the parties to the terms of the contract, and a subject matter upon which the contract can operate." *Bazemore*, 827 F.3d at 1330 (quoting GA. CODE ANN. § 13-3-1). For contract purposes, assent requires (a) a meeting of the minds (b) on the essential terms of the contract. *Id.* Furthermore, the party asserting the existence of a contract has the burden of proving its existence and its terms by a preponderance of the evidence. *Id.*

Here, it was exactly this burden that Luminess failed to meet. In its argument that a contract was formed, Luminess relied primarily on three assertions: (1) that Plaintiff was noticed of the existence of terms and conditions by an infomercial; (2) that Plaintiff was noticed of the existence of terms and conditions by a recorded phone message; and (3) that Plaintiff was noticed of the existence of additional terms and conditions by the packing list included with her shipments. These arguments, if true, would suggest that Plaintiff assented to the arbitration clause.

However, as the Court recognized, "neither the quality nor the quantum of evidence" provided to support these arguments was sufficient to prove the contract by a preponderance of the evidence. (Order, at 19.)

First, with regard to the infomercial, Defendant relied only on the fact that Plaintiff called Luminess as a result of "her seeing a television infomercial" that allegedly advised viewers of the existence of additional terms, viewable on the Luminess website. (*See* Mehta Decl. ¶ 3.) As the Court correctly recognized, this level of evidence is insufficient to establish assent. Crucially, Defendant did not provide the Court with a copy or transcript of the infomercial. This means that Defendant failed to show the extent of notice that the infomercial contained, let alone whether Plaintiff watched the portion of the infomercial containing the notice.

Likewise, Defendant's evidence of the recorded phone message is similarly deficient. Once again, to suggest that Plaintiff was aware of the terms and conditions, Luminess provided the statement that "the caller receives a recorded message which also directs consumers to the Terms and Conditions on the public webpage." (Mehta Decl. ¶ 7.) Luminess did not provide the Court with a copy or transcript of this recorded message, which denied the Court an opportunity to

assess whether it is effective to notify customers of the terms.[2]

Further, even taking as true that the infomercial and phone messages advised that additional terms found on the website would apply, neither message informed would-be purchasers of the arbitration clause, and Luminess did not require purchasers to view the terms of conditions before ordering its products. That is, unlike a "clickwrap" agreement that requires consumers to affirmatively agree to terms and conditions, Defendant only makes reference—the extent of which has not been provided to the court—to terms and conditions in a remote location. While purchasers like Plaintiff move from point A to point B, or from the infomercial to a phone call, Defendant's terms and conditions are only available at point C: the website. The Court did not err in concluding that such passing references to the existence of terms was insufficient to prove a contract, especially when Defendant's own failure to provide evidence prevented the Court from assessing the extent of the references.

Finally, Defendant leaned on the packing lists included with shipments sent to Plaintiff. Unlike the infomercial and phone messages, Luminess provided a copy of the packing list to the Court to review. However, the packing list failed to

---

[2] In her declaration, Plaintiff did not dispute the existence of this recorded message, but she stated that she does not recall being instructed to visit the website. (Ruthrauff Decl. ¶¶ 2–4.) This further supports the insufficiency of Defendant's notice in light of Luminess' failure to provide the message and allow the Court to find otherwise.

7

demonstrate assent for two reasons: (1) reference to the full terms and conditions appears in *one line* at the bottom of a full page of terms, in a "small typeface that is difficult to read, especially where it is not otherwise prominently set off from the sea of other fine print"; and (2) the packing list sent with the goods is "too little too late since mutual assent is a *condition precedent* to the formation of a binding contract." (Order, at 18–19) (emphasis in original); *see also LSQ Funding Grp., L.C. v. EDS Field Servs.*, 879 F. Supp. 2d 1320, 1326–27 (M.D. Fla. 2012) ("Mutual assent is an absolute condition precedent to the formation of a contract and without mutual assent, neither the contract nor any of its provisions come into existence.") (internal quotations omitted). The only documentary evidence of notice that Defendant provided is insufficient to demonstrate mutual assent and therefore insufficient to prove the existence of a contract.

In its Motion to Reconsider, Defendant disputes the classification of mutual assent as a condition precedent. (Mot. to Recons., at 7.) Luminess suggests that assent to any terms can be evidenced by the acceptance of goods, citing to the recent decision in *Dye v. Tamko Building Products, Inc.*, 908 F.3d 675 (11th Cir. 2018). Fresh as the *Dye* decision may be, it is factually distinguishable from the case at hand due to the extent of notice employed. Indeed, Defendant conveniently excludes from its citation the notice provided in *Dye*:

> [I]n the quintessential belt-and-suspenders move—Tamko has emblazoned its entire purchase-agreement (complete with terms,

8

> warnings, and the all-important arbitration clause) *in haec verba* on the outside of every package of shingles. No hidden terms—no buried treasure.

*Dye*, 908 F.3d at 682. While a purchaser of Tamko shingles would necessarily receive all the contract terms and the arbitration clause before even *using* the product, Luminess did not, at any point, present the terms and conditions in full to Plaintiff, before or after she received her products. The arbitration clause at hand was buried (and certainly not treasure). The term wasn't mentioned in the infomercial or the phone message, and even the packing list, which provided several terms directly to consumers, omitted the arbitration clause. Instead, the term was hidden away on a website that Plaintiff had no need to visit before placing her order. While it may be unreasonable for a vendor to "narrate the terms of purchase"[3] or "read legal documents to customers,"[4] it's certainly not impractical to actually *give* the terms to customers, rather than burying them away from view and asking purchasers to dig for the terms themselves.

Luminess failed to show that these remote references were sufficient to apprise consumers like Plaintiff of the terms and conditions, and thus Luminess failed to demonstrate Plaintiff's assent to the terms, including the arbitration

---

[3] *Dye*, 908 F.3d at 683 (citing *Hill v. Gateway 2000*, 105 F.3d 1147, 1149 (7th Cir. 1997)).
[4] *Sherr v. Dell, Inc.*, No. 05 CV 10097(GBD), 2006 WL 2109436, at *2 (S.D.N.Y. July 27, 2006) (citing *Hill*, 105 F.3d at 1149).

clause. The Court committed no error in concluding that Defendant failed to prove the existence of a contract by a preponderance of the evidence.

### 2. Contract formation is an issue for the Court to decide, and the Court decided, based on undisputed facts, that a contract containing the arbitration clause was not formed.

In addition to ruling correctly on the facts, the Court correctly applied a summary judgment-like standard and denying Defendant's motion to compel arbitration. The Court applied appropriate legal standards, and the evidence presented raised no genuine issue of material fact. Thus, Defendant's Motion to Reconsider should be denied.

As the Court pointed out in its Order, it is "beyond dispute" that contract formation is an issue for the Court to decide. (Order, at 12); *see Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 296 (2010). This standard applies equally to questions of whether the parties agreed to submit a dispute to arbitration. *Id.* (quoting *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002)).

In *Bazemore*, the Eleventh Circuit held that a "summary judgment-like" standard is appropriate for determining the existence of an arbitration agreement: "a district court may conclude as a matter of law that parties did or did not enter into an arbitration agreement only if 'there is no genuine dispute as to any material fact' concerning the formation of such an agreement." *Bazemore*, 827 F.3d at 1333.

Because the burden to prove the existence of contract falls on the party seeking to enforce an arbitration clause, a failure to do so at the summary judgment stage means that party cannot attempt to prove the contract again: "[E]ntry of summary judgment is appropriate 'against a party who fails to make a showing sufficient to establish the existence of an element to that party's case, and on which that party will bear the burden of proof at trial.'" *Id.* at 1334 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). In essence, and as the Eleventh Circuit pointedly stated in *Bazemore*, a party who fails to prove the contract is not "afforded a second bite at the apple." *Id.* at 1333.

Here, the evidence before the Court was scant, but the material facts were not disputed. The parties agree that Plaintiff watched the infomercial and subsequently placed an order for Luminess products on the phone. (*See* Order, at 3.) Defendant stated that the infomercial and a recorded phone message instructed consumers to visit the Luminess website for additional terms. (Mehta Decl. ¶¶ 3, 7.) The contents of these messages, however, were never provided to the Court. Further, Plaintiff stated that she has no recollection of being informed about the additional terms or the website, and that she was never informed about the arbitration clause. (Ruthrauff Decl. ¶¶ 3–6.)

Considering the evidence before it, the Court found that Luminess had failed to raise a genuine issue of material fact as to whether a contract was formed.

(Order, at 20.) Defendant submitted testimonial evidence that its infomercial and phone message contained reference to additional terms, but it failed to provide either message to the Court. It was unclear to the Court "[w]hy Defendant [chose] to rely almost entirely on a singular declaration to carry its burden," and this reliance proved fatal. (*Id.* at 19.) Admittedly, the Court found Plaintiff's evidence to be "similarly flimsy," but "the difference is, it is not Plaintiff's burden to establish the non-existence of a contract." (*Id.*) Thus, taking all the evidence as true, Defendant had not provided Plaintiff with sufficient notice to manifest assent to the contract terms, and, in particular, the agreement to arbitrate. Without proof of assent, Defendant failed to prove the contract by a preponderance of the evidence, and Defendant therefore failed to survive the summary judgment-like standard.

In its Motion for Reconsideration, Defendant argues that the form of this decision was improper, contending that it should be afforded a second opportunity to prove the contract at trial. (Mot. to Recons., at 11.) Defendant characterizes itself as the "moving party" that "fail[ed] to win a summary judgment motion," but this is incorrect. (*Id.*) Though Defendant was the movant with regard to the motion to compel arbitration, the question of contract formation is distinct. Defendant did not "fail to win" summary judgment on the contract formation issue—summary judgment was granted *against* Luminess. Such is the nature of contract formation

issues:

> Indeed, entry of summary judgment is appropriate "*against* a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986).

(Order, at 20) (emphasis added). It is Defendant's burden to prove the contract by a preponderance of the evidence, and Defendant failed to meet that burden. Thus, Defendant is "not entitled to 'a second bite at the apple—an opportunity to prove the agreement's existence at trial.'" (*Id.*) (quoting *Bazemore*, 827 F.3d at 1333).

Defendant concludes its Motion for Reconsideration by contending that there was "clear error of both fact and law in the Corut's [sic] reliance upon *Bazemore*…" (Mot. to Recons., at 16.) This argument is without merit. First, Defendant plainly admits that "Luminess does not dispute that Bazemore is the law in the 11th Circuit." (*Id.*) Second, the *Bazemore* case outlined the standard for reviewing whether an agreement to arbitrate was made, and this is precisely the issue considered by the Court in its Order. Defendant suggests that *Bazemore* "is applicable only in limited factual scenarios," with no explanation other than pointing out that the Defendant in *Bazemore* had even less evidence to prove the contract. (*Id.* at 16–18.) But *Bazemore* does bear similarity: the defendant in *Bazemore* sought to prove the contract with an affidavit—the affidavit asserted that an agreement form "would have" been sent to the Plaintiff, but it did not include

proper documentation or a copy of the agreement. *Bazemore*, 827 F.3d at 1333. Similarly, Luminess has provided a declaration stating, in essence, that Plaintiff *would have* been notified by the infomercial and the phone messages of the terms available online, but Luminess has not provided any documents or copies to detail the notice attempts and their efficacy.

Though the facts may not be identical, the Court properly applied the standard identified in *Bazemore* in the manner outlined by the Eleventh Circuit. The Court did not err in applying the summary judgment-like standard and denying Defendant's Motion to Reconsider.

## III.   CONCLUSION

The Court should not afford Luminess a second bite at the apple. Even if taken as true, the evidence provided by Defendant was inadequate to prove the existence of a contract containing the arbitration clause. Likewise, the Court made no error in applying a summary judgment standard to the issue of contract formation and denying Luminess' Motion to Compel Arbitration. The Court's Order was correct in substance and in form, and accordingly, Defendant's Motion to Reconsider should be denied.

                        Respectfully submitted,

Dated: January 17, 2019

**CYNTHIA RUTHRAUFF**, individually and on behalf of all others similarly situated,


By: /s/        Patrick H. Peluso
       One of Plaintiff's Attorneys

Jennifer Auer Jordan
jordan@ssjwlaw.com
Georgia Bar Number: 027857
Shamp Speed Jordan Woodward LLC
1718 Peachtree Street NW, Suite 660
Atlanta, Georgia  30309
Telephone: (404) 893-9400

Steven L. Woodrow*
swoodrow@woodrowpeluso.com
Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Attorneys for Plaintiff and the Classes

* *Pro Hac Vice*

## CERTIFICATE OF SERVICE

    I, Patrick H. Peluso, an attorney, hereby certify that on January 17, 2019, I caused the above and foregoing papers to be served on all counsel of record by filing such papers with the Court using the Court's electronic filing system.

/s/ Patrick H. Peluso