IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **CYNTHIA RUTHRAUFF**, individually and on behalf of all others similarly situated, <br><br>         Plaintiff, <br><br> v. <br><br> **LUMINESS DIRECT, LLC**, a Texas limited liability company, <br><br>         Defendant and Third-Party Plaintiff, <br><br> v. <br><br> **CRM TEXT SOLUTIONS, INC.**, a California corporation, <br><br>         Third-Party Defendant | CASE NO. 1:18-cv-00704-AT |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT LUMINESS DIRECT'S MOTION TO STAY**

Defendant Luminess Direct, LLC ("Defendant" or "Luminess") has sought to compel arbitration in this case for over a year. In its December 2018 Order denying Luminess' motion to compel arbitration, this Court analyzed Luminess' flimsy "evidence" that Plaintiff Cynthia Ruthrauff ("Plaintiff" or 'Ruthrauff") supposedly entered into an arbitration agreement with Luminess and correctly found that Luminess' "evidentiary submissions fail to raise a genuine issue of

1

material fact as to whether a binding contract, of which the arbitration clause was a part, was formed." (Dkt. 21 at 20) In the December 2018 Order, the Court—citing the Eleventh Circuit's *Bazmore* opinion—also noted that Luminess is "not entitled to a second bite at the apple." (*Id.*)

Luminess took a second bite, however, and filed a Motion for Reconsideration, which the Court denied on May 31, 2019. (Dkts. 26, 34.) Now, Luminess seeks a *third* bite of the apple by appealing the issue to the Eleventh Circuit and asks this Court to stay the case pending that appeal. (Dkt. 43.) The Motion to Stay should be denied. As explained by the Court twice, there is no basis for concluding that Plaintiff entered into an agreement to arbitrate with Luminess and its appeal is therefore frivolous. Staying the case pending Luminess' meritless appeal would do nothing but delay the case further and prejudice Plaintiff. The case was already stayed from January 9, 2019 through May 31, 2019. Simply put, this case needs to get moving beyond Luminess' baseless assertions regarding arbitration.

I.   **PROCEDURAL HISTORY**

Plaintiff filed this alleged class action against Luminess on February 16, 2018. (Dkt. 1.) On March 27, 2018, Luminess filed its motion to compel arbitration, styled as a Motion to Dismiss. (Dkt. 10.) On December 6, 2018, the Court denied Luminess' Motion. (Dkt. 21.) Luminess then Answered the

Complaint and filed a third-party complaint against CRM Text Solutions, Inc. (Dkts. 24, 25.)

On January 3, 2019, Luminess moved to reconsider the denial of its Motion to Dismiss and the Parties filed their Joint Preliminary Report and Discovery Plan on January 4, 2019. (Dkts. 26, 27.) Based on the motion to reconsider and the third-party complaint, the Court stayed all discovery in this case on January 9, 2019. (Dkt. 29.) The Parties fully-briefed the Motion for Reconsideration, and the Court denied the Motion on May 31, 2019. (Dkt. 34.) The Court's May 31, 2019 Order also lifted the stay. (*Id.*)

Subsequently, the Parties filed an updated Joint Preliminary Report and Discovery Plan (dkt. 10), and the Court entered a Scheduling Order on June 11, 2019 (dkt. 38). On June 21, 2019, Plaintiff served her first set of written discovery requests. A week later, Luminess filed its Notice of Appeal and the instant Motion to Stay. (Dkts. 41, 43.)

## II.  ARGUMENT

Luminess' Motion to Stay seeks a stay of this case pending the outcome of its appeal of the Orders denying its Motion to Dismiss and its Motion for Reconsideration. Luminess' Motion to Stay should be denied because the appeal is frivolous and a stay would serve no purpose other than to further delay this case.

### A.  Luminess' Appeal Is Frivolous.

"When a litigant files a motion to stay litigation in the district court pending an appeal from the denial of a motion to compel arbitration, the district court should stay the litigation so long as the appeal is non-frivolous." *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1253 (11th Cir. 2004) "Although the term frivolity is not easily defined, it is generally recognized that an appeal is frivolous if it is obviously without merit and is prosecuted for delay, harassment, or other improper purposes." *Flagg v. First Premier Bank*, No. 1:15-CV-324-MHC, 2015 WL 13649829, at *1 (N.D. Ga. Oct. 23, 2015) (citation omitted); *see also Connors & Co. v. McKinley Capital Mgmt., Inc.*, No. 1:08-CV-2744-BBM, 2009 WL 10671567, at *2 (N.D. Ga. Aug. 28, 2009) (an appeal is frivolous if it is "brought in the face of binding precedent"); *see also Pieper v. American Arbitration Ass'n. Inc.*, 336 F.3d 458, 465 (6th Cir. 2003) (concluding that an appeal was not frivolous where the central issue was one of first impression).

This case does not present a question of first impression. Rather, the issues presented involve basic principles of contract law. As the Eleventh Circuit has made clear, district courts should apply a "summary judgment-like standard". *Bazmore*, 827 F.3d at 1333. As this Court reiterated, "if the party seeking to enforce an arbitration agreement fails to carry its burden during this 'summary judgment-like' inquiry, it is not afforded a second opportunity to do so." (Dkt. 21 at 10.)

As this Court observed, Luminess' "evidence . . .amounts to only a self serving declaration from Luminess' President and CEO, a packing list and the full terms and conditions that were in force as of March 2018 (almost two years after Plaintiff's initial purchase)" and as a result Luminess "has brought a proverbial knife to a gunfight." (Dkt. 21 at 15.) As has been explained to Luminess by the Court twice, this is wholly inadequate to meet its burden of establishing that an enforceable contract exists. Thus, its appeal is frivolous.

Indeed, as this Court observed,

> Why Defendant has chosen to rely almost entirely on a singular Declaration in order to carry its burden is unclear.  However, such reliance is fatal to its motion since neither the quality nor the quantum of evidence, as presented by Defendant on this record, is sufficient to establish, by a preponderance of the evidence, that Plaintiff and Defendant formed a binding and enforceable contract. . . .**In short, in light of the present record, to find that Plaintiff was bound by an arbitration clause contained in terms and conditions which she "never signed, never s[aw] and never heard of . . . is nothing short of ludicrous."** *De Beers Centenary AG v. Hasson*, 751 F. Supp. 2d 1297, 1302 (S.D. Fl. 2010).

(Dkt. 21 at 19) (emphasis added). The Eleventh Circuit will review the same record. *See McIntyre v. Delhaize Am., Inc.*, 403 F. App'x 448, 451 (11th Cir. 2010) ("McIntyre wants to introduce new evidence on appeal, including a memo, the contents of an email, and other facts. McIntyre has not established that this is one

of those rare cases in which the record should be supplemented with evidence that was not presented to the district court . . . we will not consider any evidence outside that contained in the record on appeal.").

In sum, this case should not be stayed while Luminess takes a third bite of the apple and asks the Eleventh Circuit to reach a conclusion that this Court found to be "ludicrous." Luminess' appeal is frivolous, and its motion should be denied.

### B. A Second Stay Of This Action Would Unnecessarily And Prejudicially Delay This Case.

This case was filed seventeen (17) months ago and is still trapped in the early stages. Plaintiff is eager to push the case; she served discovery requests within ten (10) days of the Scheduling Order being entered. A second stay of the case would unfairly prejudice Plaintiff. *See Drayton v. Toyota Motor Credit Corp.*, No. 3:16-CV-46-J-39JBT, 2017 WL 10841496, at *1 (M.D. Fla. July 31, 2017) ("Requiring Plaintiff to endure an additional and an indeterminate delay to prosecute this case prejudices not only Plaintiff, but the Court as well."); *see also Gillespie v. United States Steel Corp.* 379 U.S. 148, 153 (1964) (discussing the "danger of denying justice by delay").

Witnesses' memories fade over time and data becomes more difficult to adequately preserve, produce, or replicate in full. *See Cabiness v. Educ. Fin. Solutions, LLC*, No. 16-cv-01109-JST, 2017 WL 167678, at *3 (N.D. Cal. Jan. 17, 2017) ("[P]assage of time will make it more difficult to reach the class members

6

and will increase the likelihood that relevant evidence will dissipate"); *see also Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) ("Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale.") (citing *Sibron v. New York,* 392 U.S. 40 (1968); *see also Roule v. Petraeus*, No. C 10-04632 LB, 2012 WL 2367873, at *5 (N.D. Cal. June 21, 2012) ("Roule makes the persuasive common-sense argument that memories fade and witnesses become unavailable over time. Given the glacial pace of the case so far, further delays likely would harm Roule.").

Simply put, any further delay in this case benefits Defendant at Plaintiff's expense. Thus, Defendant's Motion to Stay should be denied for this reason as well.

### III. CONCLUSION

The Court should not stay the case while Luminess takes a third bite at the apple. The "evidence" provided by Luminess was completely inadequate to prove the existence of an enforceable arbitration agreement. This was true when the Court reviewed Luminess' Motion to Dismiss, it was true when the Court reviewed Luminess' Motion for Reconsideration, and it will be true when the appellate court reviews the record on appeal. Luminess' appeal is frivolous, and the Court should not allow Luminess to delay the case further.

Respectfully submitted,

Dated: July 12, 2019          **CYNTHIA RUTHRAUFF**, individually and on behalf of all others similarly situated,

By: /s/ Patrick H. Peluso
     One of Plaintiff's Attorneys

Jennifer Auer Jordan
jordan@ssjwlaw.com
Georgia Bar Number: 027857
Shamp Speed Jordan Woodward LLC
1718 Peachtree Street NW, Suite 660
Atlanta, Georgia  30309
Telephone: (404) 893-9400

Steven L. Woodrow*
swoodrow@woodrowpeluso.com
Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Taylor T. Smith*
tsmith@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Attorneys for Plaintiff and the Classes

* *Pro Hac Vice*

8

## **CERTIFICATE OF SERVICE**

    I, Patrick H. Peluso, an attorney, hereby certify that on July 12, 2019, I caused the above and foregoing papers to be served on all counsel of record by filing such papers with the Court using the Court's electronic filing system.

/s/ Patrick H. Peluso